UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEO MULLEN, JR.,

Plaintiff,

v.

DEP'T HUMAN SERVICES, et al.,

Defendants.

Civil Action No. 13-296 (RBK)

**OPINION**

**APPEARANCES:**

**LEO MULLEN, JR.**, Plaintiff pro se
89913
Ancora Psychiatric Hospital
301 Spring Garden Road
Ancora, N.J. 08037-9699

**KUGLER**, District Judge

Plaintiff Leo Mullen, Jr. ("Plaintiff"), a patient at Ancora Psychiatric Hospital in Ancora, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff has alleged a claim against the following defendants: Jennifer Velez, Commissioner of Health and Human Services; Allen Boyer, C.E.O. of Ancora Hospital; Dr. Roate, Medical Director of Ancora Hospital; and John Does 1-20. Plaintiff alleges that Defendants Velez and Boyer knowingly and deliberately understaff Ancora Hospital, which is a safety issue for the residents. (Compl. ¶ 4b.) Plaintiff alleges that Defendant Roate has committed "medical malpractice" by "allowing unnecessary mental stress and physical harm to continue." (*Id.*) Plaintiff is seeking injunctive relief pursuant to 42 U.S.C. § 1983.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

It appears that Plaintiff is alleging that Defendants Velez, Boyer, Roate and John Does 1-20 violated his Fourteenth Amendment right not to be deprived of liberty without due process when they acted with willful disregard for his safety.

"Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed." *Foucha v. Louisiana*, 504 U.S. 71, 79, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992) (citing *Jones v. United States*, 463 U.S. 354, 368, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983); *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)). *See also Youngberg v. Romeo*, 457 U.S. 307, 324, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). In *Youngberg*, the Supreme Court evaluated the substantive Fourteenth Amendment liberty interests retained by civilly-committed mental patients. The Court held that involuntarily-committed persons retain substantive liberty interests in adequate food, shelter, clothing, and medical care, *id.* at 315, as well as in safety, freedom of movement, minimally adequate or reasonable training to ensure safety, and freedom from undue restraint, *id.* at 317–19.

These interests, however, are not absolute. *Youngberg*, 457 U.S. at 319–20. "In determining whether a substantive right protected by the Due Process Clause has been violated, it is necessary to balance "the liberty of the individual" and "the demands of an organized society." *Id.* at 320 (quoting *Poe v. Ullman*, 367 U.S. 497, 542, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) (Harlan, J., dissenting)). In seeking this balance, a court must weigh "the individual's interest in liberty against the State's asserted reasons for restraining individual liberty." *Id.* In *Youngberg*,

balancing the interests of the State against the rights of involuntarily committed persons to reasonable conditions of safety and freedom from unreasonable restraints, the Court adopted the standard advocated by a concurring judge, below, that "the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." 487 U.S. at 321 (quoting 644 F.2d 147, 178 (3d Cir. 1980) (Seitz, C.J., concurring)). Thus, even when treatment decisions violate a protected liberty interest, such decisions made by a qualified professional are presumptively valid;

> liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment. In an action for damages against a professional in his individual capacity, however, the professional will not be liable if he was unable to satisfy his normal professional standards because of budgetary constraints; in such a situation, good-faith immunity would bar liability.

457 U.S. at 323 (footnote omitted). *See also Deavers v. Santiago*, 243 F.App'x 719, 722 (3d Cir. 2007).

Plaintiff has failed to allege sufficient facts under *Iqbal* to allow the complaint to proceed at this time. He has provided only conclusory statements about understaffing at the hospital. He has not alleged injury with any specificity and as such, the complaint will be dismissed without prejudice in its entirety at this time.[2]

---

[2] Based on Plaintiff's status as an involuntarily committed mental patient at Ancora Hospital, this Court has *sua sponte* considered whether there may be a viable basis to invoke Federal Rule of Civil Procedure 17(c). *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("[I]t is the federal district court's obligation to issue an appropriate order 'to protect a minor or incompetent person who is unrepresented [by a general guardian] in an action'") (quoting Fed.R.Civ.P. 17(c)). This Court's "duty of inquiry involves a determination of whether there is verifiable evidence of incompetence." *Id.* The *Powell* court articulated two forms of verifiable evidence of

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3]  An appropriate order follows.

Dated: August 27, 2013

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

incompetence that trigger the district court's duty to inquire: (1) evidence of a court or public agency's adjudication of incompetence, or (2) evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness "of the type that would render him or her legally incompetent." *Id.* Despite Plaintiff's status as a patient at Ancora Hospital, to this Court's knowledge, no court has found Plaintiff legally incompetent; nor has the Court been presented with verifiable evidence from a mental health professional demonstrating that Plaintiff is being or has been treated for mental illness "of the type that would render him legally incompetent." Therefore, there is no need for the Court to direct the appointment of a guardian ad litem at this time. *Accord Monroe v. Bryan*, 881 F.Supp.2d 623, 628-29 (D.Del. 2012) *aff'd* 2013 WL 1397820, at *3 n.2 (3d Cir. 2013).

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*