UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEO MULLEN, Jr., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-0296 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF HUMAN SERVICES, N.J., et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

The plaintiff is a patient at the Ancora Psychiatric Hospital in Ancora, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court screened plaintiff's original complaint on August 27, 2013, and dismissed it without prejudice for failure to state a claim. Plaintiff was given thirty days in which to file a proposed amended complaint. Almost two years later, on August 5, 2015, this Court received a letter from plaintiff that included a proposed amended complaint. Despite not complying with the Court's thirty-day window in which to submit a proposed amended complaint, this Court will order the Clerk to reopen this case so that the proposed amended complaint can be screened.

At this time, this Court must review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the amended complaint will be dismissed without prejudice for failure to state a claim upon which relief maybe granted.

## II. BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening Opinion. Plaintiff names the following as defendants in his amended complaint: (1) New Jersey Department of Human Services; (2) Jennifer Velez – Commissioner of Services; (3) Allen Boyer – CEO; (4) Dr. Roate – Medical Director; (5) Kathy Jones – Director of Nursing; (6) John Does 1-20.

Plaintiff alleges that the defendants knowingly understaff Ancora Hospital. He states that this makes the hospital unsafe. Plaintiff claims that he has missed re-entry programs due to this lack of staffing and missed medical clinics due to no staffing for transportation. He asserts that all of the defendants are in the position to hire more staff.

Plaintiff notes that he has suffered no injuries but has missed medical appointments and/or has had his medical appointments prolonged. He also claims that he has been assaulted by other patients who would have been monitored by staff if they were available.

Plaintiff does not seek monetary compensation in his amended complaint. Instead, he requests that the Court "send in a federal entity . . . to adjust the ward and hospital staffing to a safe level." (Dkt. No. 4-1 at p. 4)

## III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B). The statute directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. That analysis is sometimes informally referred to as "screening."

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). Under that standard, "a pleading that offers labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive screening, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.,* 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal,* 556 U.S. at 678). While *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013).

   B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV.  DISCUSSION

Plaintiff appears to raise two distinct claims in his amended complaint. First, he claims that the hospital is understaffed. Second, plaintiff asserts that he was attacked by an inmate due to this understaffing. Each of these claims is considered in turn.[1]

A. <u>Medical Care</u>

The Fourteenth Amendment protects an involuntarily committed patient's right to adequate medical care. *Youngberg v. Romeo,* 457 U.S. 307, 324 (1982). In *Youngberg,* the Supreme Court expressly rejected the application of the Eighth Amendment's "deliberate indifference" standard to claims by civilly committed patients under the Fourteenth Amendment. *Id.* at 325. Instead, the Court adopted the "professional judgment standard," which provides that an official is liable only if a "decision ... is ... a substantial departure from accepted professional judgment, practice, or standards." *Id.* at 323. Specifically, the Court considered an involuntarily committed patient's right to safety and freedom from restraint. *See id.* at 321. Although the *Youngberg* decision did not address failure to provide medical care specifically, the Court described adequate medical care as one of "the essentials of the care that the State must provide." *Id.* at 324.

---

[1] It is worth noting that this Court previously denied appointing a guardian ad litem under Federal Rule of Civil Procedure 17(c). (*See* Dkt. No. 2 at p. 5-6 n.2) Nothing that plaintiff has brought before this Court in his amended complaint changes the basis for that decision.

4

The Third Circuit has recognized that *Youngberg* "unambiguous[ly] reject[ed] ... the deliberate indifference standard." *Shaw v. Strackhouse,* 920 F.2d 1135, 1145 (3d Cir. 1990); *see also Boring v. Kozakiewicz,* 833 F.2d 468, 472 (3d Cir. 1987) (examining a failure to provide medical care claim and stating that "[t]o apply the Eighth Amendment standard to mentally retarded persons would be little short of barbarous"). The Third Circuit has also found that the professional judgment standard is not equivalent to negligence. *Shaw,* 920 F.2d at 1146–47 (citing *Daniels v. Williams,* 474 U.S. 327 (1986), for the proposition that the professional judgment standard requires a plaintiff to prove more than simple negligence). According to the Third Circuit, "[p]rofessional judgment, like recklessness and gross negligence, generally falls somewhere between simple negligence and intentional misconduct." *Id.* at 1146.

The Third Circuit has further explained that the professional judgment standard applies, as its title suggests, only to *professionals. See id.* at 1147. In this context, professionals are "[p]ersons competent, whether by education, training or experience, to make the particular decision at issue." *Youngberg,* 457 U.S. at 323 n.30. "Nonprofessional employees who provide care for institutionalized mentally retarded individuals are subject even after *Youngberg,* only to a deliberate indifference standard." *Shaw,* 920 F.2d at 1147.

Plaintiff claims that the defendants are liable because they have understaffed the hospital. However, plaintiff fails to state a constitutional claim and injury with respect to his denial of medical care claim. As stated above, the state must provide plaintiff with adequate medical care under the Fourteenth Amendment; however, the allegations do not state that the defendants' treatment of plaintiff is a substantial departure from accepted professional judgment, practice or standards. Plaintiff alludes to missing medical clinics and "reentry programs." However, plaintiff fails to allege that he has suffered any injury due to the understaffing that would entitle him to

relief under Section 1983 for denial of adequate medical care. Accordingly, his allegations fail to show that the defendants are liable under a professional judgment standard for providing him inadequate medical care.[2] As such, and similar to his original complaint, the amended complaint's allegations fail to state a claim under the *Iqbal* standard with respect to the medical care or lack thereof he is receiving. Thus, this claim will be dismissed without prejudice for failure to state a claim.

### B. Assaults from Other Patient

Plaintiff also alludes to being assaulted by other patients "who would have been monitored by staff if available." In addition to medical care, under *Youngberg,* involuntary committed persons retain substantive liberty interests in adequate food, shelter and clothing, *see* 457 U.S. at 315, as well as safety, freedom of movement, minimally adequate or reasonable training to ensure safety and freedom from undue restraint. *See id.* at 317-19. The professional judgment standard espoused in *supra* Part IV.A applies to plaintiff's failure to protect claim against the defendants as well based on the labels plaintiff has placed on the defendants in the amended complaint. *See Shaw*, 920 F.2d at 1145-46 (applying professional judgment standard to failure to protect claim); *Wood v. Main*, No. 05-1148, 2008 WL 3833584, at *4 (D.N.J. Aug. 13, 2008) (examining whether defendant's failure to protect plaintiff from assault "amounts to 'a substantial departure from accepted professional judgment, practice, or standards.'") (citation omitted).

Plaintiff's allegation with respect to being assaulted by other patients, as written in the amended complaint, is insufficient under *Iqbal* to state a failure to protect claim. Indeed, the

---

[2] Based on the labels plaintiff places on the defendants, it appears as if these defendants are "professionals," and thereby the "professional judgment" standard has been applied. Should plaintiff believe that the named defendants are not professionals, he can make such an allegation in any second amended complaint he may elect to file.

amended complaint lacks any factual details whatsoever with respect to the specific circumstances underlying each of these purported assaults, and how the defendants departed from accepted professional judgment, practice or standards such that they could have purportedly prevented the assaults from taking place. The allegations of the assaults are simply too conclusory and fail to state a claim under *Iqbal*. Accordingly, this claim too fails to state a claim upon which relief may be granted such that it too will be dismissed without prejudice.

## V.    CONCLUSION

For the foregoing reasons, the amended complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.


DATED:  January  27,  2016

                                                                s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge